IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CHINYERE ADAAKU OSUJI and RALPH F.
CAZENAVE BEY,

     Plaintiffs

       v.

DEPARTAMENTO DE LA FAMILIA DE
PUERTO RICO, *et al.*

     Defendants

Civil No. 20-1545 (RAM)

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Departamento de la Familia's ("Defendant" or "Family Department") July 16, 2021 "MOTION IN COMPLIANCE WITH ORDER AND REQUEST TO HAVE A CLOSED COURTROOM FOR THE INJUNCTION HEARINGS TO BE HELD ON July 19-21, 2021" ("Motion for Closed Courtroom"). *See* Docket No. 77. In a nutshell, Defendant contends the Court should close the courtroom during the preliminary injunction hearings because Puerto Rico's Child Safety, Well-Being and Protection Act, Law 246 of 2011, Act No. 246-2011 prohibits "the unauthorized disclosure of confidential information contained in the reports and files prepared as part of any proceedings carried out under this Act, or provided or obtained in a judicial hearing." Defendant further contends that the United States Court of Appeals for the First

Circuit has not held that there is a First Amendment right of access to civil trials.  The Court hereby **DENIES** the Motion for Closed Courtroom for the following reasons.

First, any disclosure of information deemed confidential under Act 246-2011 that occurs because of the preliminary injunction hearings will not be "unauthorized" because it will occur in the context of this judicial proceeding to adjudicate the plaintiff parents' allegations of violations to their rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment to the Constitution of the United States. *See* P.R. Laws. Ann. tit 8, § 1137 (authorizing use of confidential information by the subject of the report, a term that includes parents, "when the information obtained is to be used in judicial or administrative proceedings.").

Second, while the First Circuit may have not yet addressed the issue, most United States Courts of Appeals have concluded that the public has a First Amendment right of access to civil trials, based on the United States Supreme Court's decision in Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). *See* Delaware Coalition for Open Government v. Strine, 894 F.Supp.2d 493 (2012)(collecting cases) affirmed 733 F.3d 510 (3rd Cir. 2013).

As explained by the United States Court of Appeals for the Second Circuit "it is well established that the public and the press have a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *See* Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).  The right is not absolute and may be denied when "essential to preserve higher values and [denial] is narrowly tailored to serve that interest."  Id.

The Family Department has not articulated a higher value or compelling interest to trump the First Amendment right to access. The Family Department has invoked the testifying social workers' potential exposure to prosecution for unauthorized disclosure of information deemed confidential under Act No. 246. *See* Docket 77 at p. 2. But that fear finds no support in the text of Act 246-2011's provisions given that any disclosure of information deemed confidential under the Act would occur in the context of this judicial proceeding.  The Family Department has also invoked the minor's "interest and privacy." Id. at pp. 4-5.  But the child's well-being will not be harmed by holding public preliminary injunction hearings because he is not expected to be present.  Even if he were to be present throughout the preliminary injunction hearings, the child is less than two years old and there is no allegation or evidence that he can understand the testimony or the proceedings.

The Family Department has not proposed a narrowly drawn remedy. It is seeking a closed courtroom which is an overbroad response to any legitimate interest in protecting information that may be contained in the exhibits or hearing testimony.

The hearings will be open to the public within the constraints to courtroom capacity in effect under current COVID-19 protocols. This will promote "…**the public perception of fairness which can be achieved only by permitting full public view of the proceedings…enhancement of the performance of all involved…and discouragement of perjury.**" *See* Delaware Coalition for Open Government v. Strine, 733 F.3d 510, 520 (3rd Cir. 2013)(citation omitted)(emphasis added).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of July 2021.

                          S/ RAÚL M. ARIAS-MARXUACH
                          United States District Judge