IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHINYERE AADUKA OSUJI and RALPH FRANCIS CAZENAVE BEY,<br><br>**Plaintiffs,**<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA, ORLANDO LÓPEZ BELMONTE and GLENDA GERENA-RÍOS<br><br>**Defendants.** | **CIVIL NO. 20-1545 (RAM)** |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On October 13, 2020, Plaintiffs Chinyere Adaaku Osuji ("Mrs. Osuji") and Ralph Francis Cazenave Bey ("Mr. Bey") (jointly "Plaintiffs") filed an *Affidavit for Writ of Habeas Corpus and Writ of Mandamus* against Defendant the Puerto Rico Department of the Family ("the PRDF"). (Docket No. 1). On December 21, 2020, they filed a *Supplemental Complaint* to add Orlando López-Belmonte and Glenda Gerena-Ríos ("Individual Defendants") as the PRDF's Secretary and as Administrator of the Administration for Children and Family ("ADFAN" by its Spanish acronym), respectively (jointly with the PRDF, "Defendants") (Docket No. 34).

Mrs. Osuji and Mr. Bey are parents to a one-year-old infant ("MOB") who was removed from his home by the PRDF on March 11, 2020 when MOB was barely three months old. Id. ¶ 8. MOB was removed after the PRDF's social worker and her supervisor opined that

Plaintiffs were neglectful parents because MOB seemed underweight. Id. ¶¶ 11-12. In their *Supplemental Complaint*, Plaintiffs raised claims under the due process and the equal protection clauses of the Fourteenth Amendment, rights which are enforceable under 42 U.S.C. § 1983, and Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. (Docket No. 34 at 9-11). On December 31, 2021, Plaintiffs filed an *Amended Complaint (Supplemental Complaint)* against Defendants alleging retaliation in violation of their First Right Amendment to Free Speech, also enforceable under 42 U.S.C. § 1983. (Docket No. 151). On February 16, 2022, the parties filed a *Joint Status Report Filed in Compliance with Court Order at ECF 166*, informing that in the ongoing state court case, the presiding Judge had issued a *Partial Judgment*, thereby rendering moot the requirements of this Court's *Opinion and Preliminary Injunction Order* at Docket No. 111, as amended at Docket No. 145. (Docket No. 169 at 2). The parties also informed the Court that Mrs. Osuji had regained full custody of MOB. (Docket Nos. 169; 177).

On May 23, 2022, the Commonwealth of Puerto Rico ("the Commonwealth"), on behalf of the Individual Defendants, filed a *Notice of Injunction Pursuant to the Confirmation Order issued by the Title III Court Staying the Instant Case* ("*Notice*"). (Docket No. 188). They aver this Court lacks jurisdiction to continue the proceedings here given that on January 28, 2022, the District Court

entered an *Order and Judgment Confirming Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority* in Case No. 17-bk-3283-LTS, ECF No. 19813 which included a clause ordering the injunction of claims seeking monetary relief against the Commonwealth. (Docket Nos. 188; 188-1 at 67). On May 24, 2022, the PRDF filed a *Motion for Joinder* to the *Notice*. (Docket No. 191). Plaintiffs did not oppose the *Notice*. The Court hereby **NOTES** the *Notice* and **GRANTS** the *Motion for Joinder*.

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") provides for the "automatic stay" of pending cases against the Government of Puerto Rico. This "stay" acts as a protective measure to the debtor. *See* 48 U.S.C. §§ 2102-2241. Specifically, the automatic stay under PROMESA applies to:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Government of Puerto Rico that was or could have been commenced before the enactment of this chapter, or to recover a Liability Claim against the Government of Puerto Rico that arose before the enactment of this chapter[.]

48 U.S.C. § 2194 (b)(1).

This provision is intended to "effectively stop all creditor collection efforts . . . affording the parties and the [c]ourt an opportunity to appropriately resolve competing economic interests

in an orderly and effective way." In Re Financial Oversight and Management Board for Puerto Rico, 919 F.3d 121, 129 (1st Cir. 2019) (internal citations omitted). Due to PROMESA, in most scenarios when a party is solely seeking monetary relief from the Commonwealth, an automatic stay is applicable. See Gomez-Cruz v. Fernandez-Pabellon, 2018 WL 4849650, at *4 (D.P.R. 2018).

This automatic stay applies to all entities of the Commonwealth, including its instrumentalities. See 48 U.S.C. §§ 2104(11), 2194(b). Section 101(d)(1)(A) of PROMESA states that the Financial Oversight and Management Board for Puerto Rico ("the Oversight Board"), "in its sole discretion at such time as [it] determines to be appropriate, may designate any territorial instrumentality as a covered territorial instrumentality that is subject to the requirements of" PROMESA. Autonomous Municipality of San Juan v. Fin. Oversight & Mgmt. Bd. for Puerto Rico, 419 F. Supp. 3d 293, 297 (D.P.R. 2019) (quoting 48 U.S.C. § 2121(d)(1)(A)). Moreover, PROMESA defines "territorial instrumentality" as "any political subdivision, **public agency**, instrumentality ... or public corporation of a territory." Id. (quoting 48 U.S.C. §§ 2104(19)(A), 2104(18)) (emphasis added).

On May 3, 2017, in its Petition for relief under Title III of PROMESA, the Oversight Board identified the "Commonwealth of Puerto Rico (Primary Government)" as an entity covered by PROMESA. See In re: Commonwealth of Puerto Rico, No. 17-cv-01578 (LTS),

Docket No. 1-4 ¶ 35.[1] This designation includes "all departments, offices, programs, etc. and all funds related to Governmental and Business Activities of the Primary Government such as the General Fund Operating budget and Non-Operating Budget." Id. at ¶ 1 n.1. Here, no one is alleging the PRDF is not a Commonwealth agency. Further, persuasive precedent from the Puerto Rico Court of Appeals has held that lawsuits seeking monetary damages from the PRDF and/or its officers are automatically stayed by PROMESA.[2] *See e.g.*, Lourdes Esther Acevedo Concepción, et al. v. Yanitsia Irizarry Méndez, et al., 2018 2016355, at *4 (P.R. Cir. 2018); Augusto González Beuchamps v. Yanitsia Irizarry Méndez, Departamento de la Familia, Estado Libre Asociado de Puerto Rico, 2017 7365841, at *3-4 (P.R. Cir. 2017); Francis Nieves Ruiz v. Departamento de la Familia, 2017 WL 3895029, at *2 (P.R. Cir. 2017).

The United States District Court for the District for Puerto Rico has discretion to determine whether a stay is applicable. *See* Gomez-Cruz, 2018 WL 4849650, at *3 (D.P.R. 2018) (internal

---

[1] This list of 63 governmental entities covered by PROMESA is available at: https://promesa.prd.uscourts.gov/sites/default/files/01-4.pdf (last visited on July 12, 2022). The Court notes that Case No. 17-cv-01578(LTS), where this list was originally filed, has been consolidated with In re: Commonwealth of Puerto Rico, No. 17-bk-3283 (LTS).

[2] *See* AES Puerto Rico, L.P. v. Trujillo-Panisse, 133 F. Supp. 3d 409, 415 (D.P.R. 2015) (holding that "documents on file in federal or state courts are proper subjects of judicial notice.") The Court also notes that Puerto Rico Court of Appeals decisions "are non-binding, but do provide instructive guidance." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, Inc., 2018 WL 9412924, at *5 (D.P.R. 2018) (citing West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940) and CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 962 F.2d 77, 91 (1st Cir. 1992)).

citations omitted). Lastly, PROMESA allows a party to move for relief from the stay. An interested party must file a motion with the United States District Court for the District for Puerto Rico. The District Court may grant relief from the stay "after notice and a hearing . . . for cause shown." 48 U.S.C. § 2194(e)(2). Reasons that may be considered "for cause" and which can lead to relief from the stay can be found in the Bankruptcy Code. *See* 11 U.S.C. §362(d). Further, the stay terminates forty-five (45) days after a request for relief from a stay is made unless the court overseeing the stay says otherwise. *See* 48 U.S.C. § 2194(f).

There are several steps a moving party must take before filing a "Stay Relief Motion" from an automatic stay against the Commonwealth. In a nutshell, an interested party must first notify the Financial Control Board's attorneys via e-mail fifteen (15) days prior to filing an action requesting relief from the stay. A moving party must notify both their intent to seek relief from the stay, called a "Lift Stay Notice", **and** the notice period, which is called a "Lift Stay Notice Period."[3] During the "Lift Stay Notice Period," the Debtors and movant shall meet and attempt to resolve the movant's request for relief. Only if the Debtors disagree with

---

[3] For all the information that must be included in the email to the Financial Control Board's attorneys, please see the following link: https://promesa.prd.uscourts.gov/sites/default/files/17-bk-3283-20190.pdf (last visited July 18, 2022). The link contains all the information an interested party needs to know regarding case management procedures for all proceedings under Title III of PROMESA. The procedure to request a lift of stay can be found in pages 14-16, Paragraphs R-V. *See* Exhibit 1.

the movant's request for relief or if the "Lift Stay Notice Period" expires before both sides can reach an agreement, can the movant then file a "Stay Relief Motion" in accordance with the Case Management Procedures. *See* Exhibit "1" of the link included in Footnote Number 3 of this Order regarding the relevant pages from the "Order Further Amending Case Management Procedures" which details the procedure to request relief from an automatic stay. This Order was issued by the Hon. Laura Taylor Swain, United States District Judge, on February 22, 2022.[4] Any "Motion for Relief from Stay" must be filed at Case No. 17-BK-3283-LTS and addressed to the Hon. Judge Laura Taylor Swain.

The automatic stay applies to this case regarding Plaintiffs' request for monetary damages. The case is thus stayed pursuant to 48 U.S.C. §2161 and 11 U.S.C. §§ 362 and 922. If the stay is lifted, the parties shall inform the Court within seven (7) days.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 18th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge

---

[4] Id.