```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| CHINYERE AADUKA OSUJI and RALPH FRANCIS CAZENAVE BEY, **Plaintiffs**, v. DEPARTAMENTO DE LA FAMILIA, ORLANDO LÓPEZ BELMONTE and GLENDA GERENA-RÍOS **Defendants**. | **Civil No. 20-1545 (RAM)** |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Orlando López-Belmonte and Glenda Gerena-Ríos's (the "Individual Defendants") *Notice of Injunction Pursuant to the Confirmation Order Issued by the Title III Court Staying the Instant Case* ("*Notice of Injunction*" or "*Notice*") and the Puerto Rico Department of the Family's ("the PRDF") *Motion for Joinder*. (Docket Nos. 188 and 191). For the reasons set forth below, the Court **GRANTS** the *Motion for Joinder*, **GRANTS** the *Notice of Injunction* with respect to Plaintiffs' claims against the PRDF, and **DENIES** the *Notice of Injunction* with respect to Plaintiffs' claims against the Individual Defendants in their individual capacities. Plaintiffs are permanently enjoined from pursuing their claims against the PRDF through this litigation.

## I.   BACKGROUND

On October 13, 2020, Plaintiffs Chinyere Adaaku Osuji ("Mrs. Osuji") and Ralph Francis Cazenave Bey ("Mr. Bey") (jointly "Plaintiffs") filed an *Affidavit for Writ of Habeas Corpus and Writ of Mandamus* against the PRDF. (Docket No. 1). On December 21, 2020, they filed a *Supplemental Complaint* to add Individual Defendants in their personal and official capacities (jointly with the PRDF, "Defendants"). (Docket No. 34).

Mrs. Osuji and Mr. Bey are parents to an infant ("MOB") who was removed from his home by the PRDF on March 11, 2020, when MOB was barely three months old. Id. ¶ 8. MOB was removed after a PRDF social worker and her supervisor opined that Plaintiffs were neglectful parents because MOB seemed one pound underweight. (Docket Nos. 34 ¶¶ 11-12, 104 ¶ 6, 107-1 at 35). In their *Supplemental Complaint*, Plaintiffs raised claims under the Due Process and Equal Protection clauses of the Fourteenth Amendment, rights which are enforceable under 42 U.S.C. § 1983, and Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. (Docket No. 34 at 9-11). On December 30, 2021, Plaintiffs filed another *Supplemental Complaint* ("*Second Supplemental Complaint*") against Defendants alleging retaliation in violation of their First Amendment right to Free Speech, also enforceable under 42 U.S.C. § 1983. (Docket No. 151).

On September 27, 2021, the Court issued a preliminary injunction. (Docket No. 111, as amended at Docket No. 145). With regard to Plaintiffs' Due Process claim, the Court found that Defendants had been "deliberately indifferent" to Plaintiffs' and MOB's needs and that their conduct shocked the conscience. (Docket No. 111 at 37). The Court also found that Plaintiffs were likely to succeed on the merits of their Equal Protection claim. Id. at 45. The Court ordered that a bilingual social worker be assigned to MOB's case, that any services to Plaintiffs and MOB be in English or include an interpreter, that all documents provided to Plaintiffs be in English, and that MOB be placed in an English-speaking foster home. Id. at 1-2.

On February 16, 2022, the parties filed a *Joint Status Report Filed in Compliance with Court Order at ECF 166*, informing that in the ongoing state court case, the presiding Judge had issued a *Partial Judgment* and that Mrs. Osuji had regained full custody of MOB. (Docket No. 169).

On May 23, 2022, the Commonwealth of Puerto Rico ("the Commonwealth"), on behalf of the Individual Defendants in their individual capacities, filed the present *Notice of Injunction*. (Docket No. 188). They aver this Court lacks jurisdiction to continue the proceedings given that on January 18, 2022, the District Court for the District of Puerto Rico confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the*

*Commonwealth of Puerto Rico, et al.* (the "Title III Plan" or "the Plan"), which permanently enjoined claims against the Commonwealth not addressed within the Plan. Id. at 5-6. On May 24, 2022, the PRDF filed a *Motion for Joinder* to the *Notice*. (Docket No. 191).

On July 18, 2022, believing that Plaintiffs' deadline for filing an opposition to Defendants' motion had passed, the Court issued a *Memorandum and Order* granting the *Motion for Joinder* and noting Defendants' *Notice of Injunction*. (Docket No. 206). However, as Plaintiffs noted in their emergency motion for reconsideration, their deadline to oppose Defendants' *Notice of Injunction* had not yet passed due to a change of counsel necessitated by a conflict of interest. (Docket No. 207). The Court thus vacated its *Memorandum and Order* at Docket No. 206. (Docket No. 208). Plaintiffs filed their opposition to Defendants' *Notice of Injunction* on October 11, 2022. (Docket No. 214). Defendants replied On November 4, 2022, and Plaintiffs filed a surreply on December 2, 2022. (Docket Nos. 217 and 220).

## II.   DISCUSSION

Plaintiffs' claims against the PRDF are permanently enjoined pursuant to the Commonwealth's Title III Plan. As explained below, the Plan contains several injunctions, one of which is a broad injunction on all Claims and Causes of Action against the Debtors and Reorganized Debtors not addressed within the Plan or the court order confirming it (the "Confirmation Order"). *See* Confirmation

Order §§ 56, 59; Title III Plan §§ 92.2-92.3. This injunction applies to Plaintiffs' claims and permanently enjoins them from further pursuing this litigation against the PRDF. Plaintiffs argue that two other injunctions within the Plan contain exceptions for claims like theirs involving gross negligence and willful misconduct. However, neither of these injunctive provisions apply to the present claims and the exceptions therein are irrelevant to this case.

Conversely, Defendants' *Notice of Injunction* is denied with respect to Plaintiffs' claims against the Individual Defendants in their individual capacities because Defendants do not explain how the Commonwealth's Title III Plan bars claims against these Defendants in their individual capacities.

### A. Plaintiffs' claims against the PRDF are enjoined pursuant to the Commonwealth's Title III Plan.

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") automatically stayed pending cases against the government of Puerto Rico. 48 U.S.C. § 2194 (b)(1). On January 18, 2022, the District Court for the District of Puerto Rico confirmed the Title III Plan. *See* In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, No. 17 BK 3283-LTS, 637 B.R. 223 (D.P.R. Jan. 18, 2022). When it became effective on March 15, 2022 (the "Effective Date"), PROMESA's automatic stay expired. *See* In re Fin. Oversight & Mgmt.

Bd. for Puerto Rico, No. 17 BK 3283-LTS, 2022 WL 4364417, at *3, *5, *7 (D.P.R. Sept. 21, 2022); 11 U.S.C. § 362(c)(2)(C).

A permanent injunction within the Title III Plan replaced PROMESA's automatic stay. *See* In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 2022 WL 4364417, at *7; Confirmation Order § 59; Title III Plan § 92.3. The injunction permanently bars all claims discharged pursuant to § 56 of the Confirmation Order (§ 92.2 of the Plan). *See* Confirmation Order § 59; Title III Plan § 92.3. Sections 56 and 92.2 discharged all Claims and Causes of Action against the Debtors and Reorganized Debtors not expressly addressed within the Plan or the Confirmation Order. *See* Confirmation Order § 56; Title III Plan § 92.2; *see also* In re Fin. Oversight & Mgmt. Bd., 2022 WL 4364417, at *5-6.

To have one's claim addressed within the Commonwealth's Title III proceedings, claimants were required to file a proof of claim on or before the relevant Bar Date. *See* Title III Plan § 1.117; In re Fin. Oversight & Mgmt. Bd., 2022 WL 4364417, at *6. The Administrative Claim Bar Date, which Defendants suggest (and Plaintiffs do not contest) is the Bar Date applicable to this case, is 90 days after the Plan's Effective Date. Title III Plan § 1.51. After that, "any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred[.]" Id. **Plaintiffs were thus required to file a proof of claim on or before June 13,**

2022 (the Administrative Claim Bar Date) to have their claims addressed within the Commonwealth's Title III proceedings.**

Plaintiffs do not appear to have filed a poof of claim by the Administrative Claim Bar Date. (Docket Nos. 188, 214, 217, 220). As a result, Plaintiffs' claims were not expressly provided for under the Confirmation Order or the Plan and were discharged pursuant to §§ 56 and 92.2, respectively. **As claims discharged pursuant to these sections, Plaintiffs' claims are permanently enjoined pursuant to § 59 of the Confirmation Order (§ 92.3 of the Plan).**

**B. Exceptions for gross negligence or willful misconduct are inapplicable to Plaintiffs' claims.**

Plaintiffs argue that two other injunctions within the Plan contain exceptions for claims like theirs involving gross negligence and willful misconduct, but neither of these injunctive provisions apply to the types of claims that Plaintiffs assert.

Plaintiffs first point to the Plan's definition of a "Released Claim," which specifically excludes claims involving gross negligence, willful misconduct, or intentional fraud. *See* Title III Plan § 1.421. Section 60 in the Confirmation Order contains an injunction on any Released Claims discharged under § 92.5 of the Plan (§ 57 in the Confirmation Order). Sections 92.5 and 57 discharged Released Claims that "the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming

through them, on their behalf or for their benefit" may have against "any Released Party." *See* Title III Plan § 92.5; Confirmation Order § 57.[1] **Plaintiffs are not a Debtor, Reorganized Debtor, or Disbursing Agent with a claim against a Released Party**. *See* Title III Plan §§ 1.200, 1.204, 1.422, 1.425. Therefore, this injunctive provision related to Released Claims is inapplicable to Plaintiffs, and the exception for claims involving gross negligence, willful misconduct, or intentional fraud within the definition of a "Released Claim" is irrelevant to this case.

Plaintiffs also point to the Plan's definition of a "Government Released Claim," which specifically excludes claims involving intentional fraud or willful misconduct. *See* Title III Plan § 1.277. Section 92.2(c) of the Title III Plan discusses Government Released Claims. It provides in full,

> Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, **each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors**, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government

---

[1] Section 92.5 of the Plan provides in full, "Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims."

> Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

Title III Plan § 92.2(c) (emphasis added). **Plaintiffs are not GO/PBA PSA Creditors or Related Persons.** *See* Title III Plan §§ 1.272, 1.271, and 1.420. Therefore, this injunctive provision related to Government Released Claims is inapplicable to Plaintiffs, and the exception for claims involving intentional fraud or willful misconduct within the definition of a "Government Released Claim" is irrelevant to this case.

Plaintiffs' reliance on §§ 1.421 and 1.277 and their exceptions is thus misplaced. The permanent injunction at § 92.3 of the Plan and § 59 of the Confirmation Order on claims discharged pursuant to §§ 92.2 and 56 respectively is fully applicable to Plaintiffs' claims against the PRDF.

### C. **Plaintiffs' claims against the Individual Defendants in their individual capacities are not enjoined.**

Though Plaintiffs' claims against the PRDF are permanently enjoined pursuant to the Plan, Defendants provide no explanation as to how the Title III Plan bars individual capacity suits. Thus, Plaintiffs' claims against the Individual Defendants in their individual capacities may proceed.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion for Joinder*, **GRANTS** the *Notice of Injunction* with respect to Plaintiffs' claims against the PRDF, and **DENIES** the *Notice of Injunction* with respect to Plaintiffs' claims against the Individual Defendants in their individual capacities. Plaintiffs are permanently enjoined from pursuing their claims against the PRDF through this litigation. Plaintiffs may continue to pursue their claims against the Individual Defendants in their individual capacities.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 3rd day of April 2023.

                                            S/ RAÚL M. ARIAS-MARXUACH
                                            United States District Judge