IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHINYERE AADUKA OSUJI and RALPH FRANCIS CAZENAVE BEY,<br><br>**Plaintiffs,**<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA, ORLANDO LÓPEZ BELMONTE and GLENDA GERENA-RÍOS<br><br>**Defendants.** | **Civil No. 20-1545 (RAM)** |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge.

In May 2022, Orlando López-Belmonte and Glenda Gerena-Ríos (collectively, "Individual Defendants") and the Puerto Rico Department of the Family ("PRDF") (collectively, "Defendants") requested that this Court issue an order recognizing that this case is enjoined pursuant to the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Title III Plan" or "Plan").[1] (Docket No. 188). The Title III Plan permanently enjoined all claims against the Commonwealth of Puerto Rico not addressed within the Plan. *See* Case No. 17-03283-LTS, Docket Nos. 19813 §§ 56, 59 (discharge and injunction provisions in the court order confirming the Title III Plan) and

---

[1] The Individual Defendants filed the notice of injunction on May 23, 2022, and PRDF filed a motion for joinder the following day. (Docket Nos. 188 and 191).

19813-1 §§ 92.2-92.3 (same provisions in the Title III Plan). Plaintiffs Chinyere Aaduka Osuji and Ralph Francis Cazenave Bey (collectively, "Plaintiffs") opposed Defendants' motion, arguing that the Plan contains two exceptions to the permanent injunction that would allow their claims against Defendants to proceed before this Court. (Docket No. 214).

On April 3, 2023, this Court granted in part and denied in part Defendants' motion. (Docket No. 221). The Court explained why the Plan's exceptions did not apply to Plaintiffs' case, meaning that their claims against PRDF were permanently enjoined, since it did not appear that Plaintiffs had filed a timely proof of claim with the Title III Court. Id. However, the Court denied the motion with regard to Plaintiffs' claims against the Individual Defendants, who were sued in their personal capacities. Id.

Now pending before the Court are the parties' motions for reconsideration. (Docket Nos. 224, 225, and 236). In their May 1, 2023 motion for reconsideration, Plaintiffs notified the Court that they *had* indeed filed a timely proof of claim with the Title III Court. (Docket No. 224). Their motion thus requested clarification from this Court that Plaintiffs should be allowed to pursue their claims through the Title III proceedings. Id. Plaintiffs' June 9, 2023 motion for relief argues that the Court did not consider a provision of the Title III Plan relevant to the exceptions for the permanent injunction. (Docket No. 236). On their

part, the Individual Defendants' motion for reconsideration seeks to extend the permanent injunction to the Individual Defendants. (Docket No. 225).

Upon learning that Plaintiffs had filed a timely proof of claim with the Title III Court, the Court ordered Plaintiffs to show cause as to why their claims against all Defendants should not be stayed. (Docket No. 238). **Given that Plaintiffs' claims are currently pending in the Title III case (17-03283-LTS), they were not released and enjoined by the Plan.** Id. **Rather, they are subject to the automatic stay established by the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").** Id. Therefore, any exceptions to the Plan's permanent injunction are irrelevant. Id. After being given an opportunity to be heard at a hearing and in writing, Plaintiffs failed to show cause.

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** the parties' motions at Docket Nos. 224, 225, and 236. *See* Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) ("a motion for reconsideration should be granted if the court 'has patently misunderstood a party ... or has made an error not of reasoning but apprehension.'" (quoting Sandoval Diaz v. Sandoval Orozco, 2005 WL 1501672, at *2 (D.P.R. 2005))).

The Court's order at Docket No. 221 is hereby **VACATED**. This case is **STAYED** as to all Defendants[2] pursuant to PROMESA, 48 U.S.C. §§ 2101-2241. This case will be administratively closed for statistical purposes. However, the case may be reopened upon the filing of a copy of the order stating that the stay was lifted in the PROMESA Title III proceedings, if the bankruptcy proceedings conclude or upon further order of the Court.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 25th day of September 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge

---

[2] *See* Salgado & Assocs., Inc. v. Cestero-Lopategui, 34 F.4th 49, 51 (1st Cir. 2022) (applying PROMESA's automatic stay to a claim against government officials whose defense had been assumed by the Commonwealth of Puerto Rico).